4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector Luis COLON, a/k/a Warren, a/k/a Mike, a/k/a Juan,
Defendant-Appellant.
 No. 92-5477.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 7, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-91-54-G)
 James W. Swindell, High Point, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Hector Luis Colon was convicted by a jury on one count of conspiring to possess with intent to distribute, and conspiring to actually distribute, crack cocaine in violation of 21 U.S.C.A. Secs. 841(a)(1), 841(b)(1)(A), and 846 (West 1981 & Supp. 1993). Pursuant to the applicable sentencing guidelines,[1] he was sentenced to a term of 194 months imprisonment with five years of supervised release, and ordered to pay a special assessment of $50. He appeals his conviction and sentence. Colon's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising an insufficient evidence claim, but indicating that, in his view, there are no meritorious issues for appeal. Having reviewed the entire record, we affirm.
 
 
 2
 Colon claims that the evidence presented at trial was insufficient to support his conspiracy conviction, because it did not establish that he had drugs on his person at the time of his arrest. This claim is without merit, as the record illustrates that Colon did in fact possess drugs at several earlier points in the conspiracy. Furthermore, personal possession was not required. Colon was convicted only for conspiracy to possess and distribute drugs, and could thus be deemed to possess the drugs at issue through the possession of coconspirators. See United States v. Cummings, 937 F.2d 941, 944 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S. 1991). The evidence connecting Colon to the conspiracy was overwhelming. He and his coconspirators made frequent trips to Greensboro from New York City for the purpose of delivering drugs. He was also a key seller of cocaine base in the Greensboro housing project known as English Village during the relevant time period. This was more than sufficient to show his knowledge of and full participation in the conspiracy for which he was convicted. See United States v. Laughman, 618 F.2d 1067, 1075 (4th Cir.) (noting knowledge and participation as requisite elements of conspiracy), cert. denied, 447 U.S. 925 (1980).
 
 
 3
 In accordance with the requirements of Anders, supra, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. Sec. 3006A (West 1985 & Supp. 1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. We therefore deny counsel's request to withdraw from further representation, and likewise deny Colon's Motion for Appointment of New Counsel.[2] If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)
 
 
 [2]
 Colon argues in support of his motion that his lack of facility with the English language made it impossible for him to effectively communicate with counsel. This issue was not raised below and cannot be considered for the first time on appeal. We further note that the record and the motion itself undercut Colon's claim that he lacks understanding. An interpreter was available throughout the sentencing hearing for the sake of Colon's Spanish-speaking Codefendant; Colon nonetheless responded to the court's questioning without hesitation and in English, unassisted by the interpreter. The motion, which Colon apparently prepared on his own, is well-written and articulate